UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
NIRAMOL KHAMSIRI, *on behalf of herself, FLSA* :
*Collective Plaintiffs, and the Class,* :
: 12 Civ. 265 (PAE)
Plaintiff, :
: <u>OPINION & ORDER</u>
-v- :
:
GEORGE & FRANK'S JAPANESE NOODLE :
RESTAURANT INC. et al., :
:
Defendants. :
:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: June 1, 2012

PAUL A. ENGELMAYER, District Judge:

Before the Court is plaintiff's motion for: (1) conditional certification of its Fair Labor Standards Act ("FLSA") claim as a representative collective action pursuant to 29 U.S.C. § 216(b); (2) approval of its notice and consent form; (3) production by defendants of contact information for employees; and (4) posting of the notice and consent forms at defendants' restaurants. For the reasons which follow, plaintiff's motion is granted.

**216(b) Certification**

Plaintiff seeks conditional collective action certification for all non-exempt employees employed by defendants in any tipped position within the last three years.

Section 216(b) of the FLSA provides that "one or more employees" may seek to have their case certified as a collective action "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see also Romero v. H.B. Automotive Grp., Inc.*, No. 11-cv-386, 2012 WL 1514810, at *5 (S.D.N.Y. May 1, 2012). Courts in this Circuit use a two-stage certification process to determine whether employees are "similarly situated,"

1

with the first stage consisting of a preliminary determination that, if employees are sufficiently similarly situated, notice may be sent to potential opt-ins and the case may proceed through discovery as a collective action. *See Romero*, 2012 WL 1514810, at *8 (citing *Lynch v. United Svcs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007)). The "burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage." *Lynch*, 491 F. Supp. 2d at 368. In order to satisfy the "minimal burden of showing that the similarly situated requirement is met" at the conditional certification stage, plaintiff need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy of plan that violated the law." *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367-68 (S.D.N.Y. 2007); *see also Ack v. Manhattan Beer Distributors, Inc.*, No. 11-cv-5582, 2012 WL 1710985, at *2 (E.D.N.Y. May 15, 2012); *Lynch*, 491 F. Supp. 2d at 368.

Here, plaintiff has submitted a declaration from Niramol Khamsiri, confirming that she and other non-exempt employees employed by defendants in tipped positions, who performed work similar to hers, were, *inter alia*, paid less than the statutory minimum wage and not paid overtime pay. (Dkt. 13.) Courts have approved conditional collective action certification under similar circumstances. *See Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, at 82 (E.D.N.Y. 2008) (collecting cases). Accordingly, the Court determines that plaintiff has met her burden, and conditional collective action certification for all non-exempt employees employed by defendants in any tipped position within the last three years should be authorized.[1]

---

[1] Defendants argue that, because plaintiff worked only at one of its restaurants (Sapporo), she is not similarly situated to tipped non-exempt employees at defendants' other restaurants (Hagi and Iroha). However, plaintiff has alleged that the three restaurants are jointly owned and operated as a common enterprise, and provides support in her briefing on this motion that the three restaurants share signage place, an entrance, and an address. These are sufficient indicia of the

**Approval of Notice and Consent Form**

Plaintiff also seeks court-authorized notice, and approval of a proposed consent form to be sent to potential opt-in plaintiffs.

The Supreme Court has recognized that the benefits of collective action accrue to plaintiffs only if they "receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "[I]t lies within the discretion of a district court to begin its involvement [in the notice process] early, at the point of the initial notice." *Id.* at 171.

Here, court-authorized notice is appropriate, to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy. *See Lynch*, 491 F. Supp. 2d at 371.

The Court therefore approves plaintiff's notice and consent forms as submitted, and further approves the translation of these documents into Japanese. *See Garcia v. Pancho's Villa of Huntington Vill., Inc.*, No. 09-cv-486, 2012 WL 1843785, at *3 (E.D.N.Y. May 21, 2012).

**Production of Contact Information**

Plaintiff asks that the Court order defendants to produce the names and contact information for all tipped employees employed by defendants within the last three years. Defendants do not oppose this request. Many courts have determined that discovery of contact information is appropriate at the notice stage in FLSA collective actions. *See Siewmungal v. Nelson Mgmt. Grp. Ltd.*, No. 11cv5018, 2012 WL 715973, at *5 (E.D.N.Y. Mar. 3, 2012) (collecting cases). Accordingly, defendants shall produce to plaintiff a computer-readable list of

---

possibility of a common policy or plan among the three restaurants to meet the minimal burden plaintiff faces at this stage of the litigation.

3

the names, addresses, telephone numbers, and dates of employment for all tipped non-exempt employees employed by defendants from June 1, 2009 to present. This information shall be produced within 15 days from the entry of this Order.

**Posting of Notice and Consent Forms**

Finally, plaintiff seeks Court-ordered access to defendants' restaurants to post the notice and consent forms. Defendants do not oppose this request. Such posting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts. *See Ack*, 2012 WL 1710985, at *6; *Jacob v. Duane Reade, Inc.*, No. 11cv6160, 2012 WL 260230, at *10 (S.D.N.Y. Jan. 27, 2012) (collecting cases). Plaintiff's request is, therefore, granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for conditional collective action certification, for approval of its notice and consent forms, to compel production of contact information, and to post the notice and consent forms at defendants' restaurants is GRANTED. The Clerk of Court is instructed to terminate the motion pending at docket entry number 10.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: June 1, 2012
      New York, New York

## NOTICE OF PENDENCY OF FLSA LAWSUIT

From:   Kraselnik & Lee, PLLC, Attorneys at Law

To:   All tipped employees employed by GEORGE & FRANK'S JAPANESE NOODLE REST. INC., IROHA CORPORATION, KOTARO ASAKAWA and TATSUYA KAWAMOTO (together "Defendants")

Re:   Notice of lawsuit against Defendants pursuant to the federal Fair Labor Standards Act encaptioned *Niramol Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., Iroha Corporation, Kotaro Asakawa and Tatsuya Kawamoto*, United States District Court, S.D.N.Y., Index No. 12-CV-0265.

The purpose of this Notice is to advise you that NIRAMOL KHAMSIRI, Defendants' current employee, has filed a putative class action against Defendants, in which she alleges several claims under the federal Fair Labor Standards Act and to advise you of the legal rights you have in connection with that suit.

1. DESCRIPTION OF THE LAWSUIT.

NIRAMOL KAHMSIRI ("Class Representative"), filed this lawsuit against Defendants on January 13, 2012. The law firm of Kraselnik & Lee, PLLC represents the Class Representative in this lawsuit.

The Class Representative filed this lawsuit pursuant to the federal Fair Labor Standards Act and alleges primarily that Defendants failed to pay tipped employees (i) a base salary exceeding the minimum wage required by federal law, (ii) their overtime compensation, (iii) spread of hours premium, and (iv) tips improperly withheld by Defendants.

2. YOUR RIGHT TO MAKE A CLAIM IN THIS LAWSUIT.

If you worked as a tipped employee for Defendants at any time between January 13, 2009 to the present and you believe that you may be able to assert any of the claims described above, you have the right to participate in this lawsuit.

To participate in the lawsuit you must sign a written Consent form. This form will be filed in the Court. It is entirely your own voluntary decision whether or not to sign and file the consent. Please be advised that Defendants cannot retaliate against you if you do complete the attached Consent form and thus make FLSA claim.

3. HOW TO MAKE A CLAIM IN THIS LAWSUIT.

Attached to this Notice is a form entitled "Consent to Sue Under Federal Fair Labor Standards

Act (FLSA)." In order to make an FLSA claim in the lawsuit, fill out the form, sign it, and deliver before **[3 months after mailing date]** via email, fax, mail or overnight mail to:

>C. K. Lee, Esq.
>Kraselnik & Lee, PLLC
>30 East 39th Street, Second Floor
>New York, NY 10118
>212-465-1188
>212-465-1181 (fax)
>Email: cklee@kraselniklee.com

If you sign and mail the form, it will be filed with the court and you will become a "party plaintiff." The law firm of Kraselnik & Lee, PLLC currently represents the Class Representative. You have the right to allow Kraselnik & Lee, PLLC to represent your interests in the lawsuit or to choose your own counsel. If you choose to allow Kraselnik & Lee, PLLC to represent you in the lawsuit then you will be subject to the attorneys' fee arrangement that the Class Representative entered into with Kraselnik & Lee, PLLC which provides that Kraselnik & Lee, PLLC is handling this matter on a contingency basis, i.e., that the attorneys' fees and costs will be determined on a percentage basis based on the recovery on behalf of Plaintiff and that Plaintiff will not be responsible for fees and/or costs if there is no recovery for the Plaintiff. The agreement further provides that in the event that the Class Representative prevails on her claims at the conclusion of the case, Plaintiff's counsel will make an application to the Court for the recovery of fees and costs, that the Court has discretion of the amount of fees to award, and that the fees may be as much as 33 1/3% of any settlement fund or judgment, after the deduction of costs and expenses.

Also enclosed is a form entitled "Client Information." It is to enable these attorneys to contact you. To furnish this information to Kraselnik & Lee, PLLC, fill out the form and mail it to the attorneys at the above address.

For your convenience, a self-addressed postage paid envelope is enclosed. If you have any questions with respect to the suit, you may call C.K. Lee, Esq., phone number: (212) 465-1188.

  4.  THE LEGAL EFFECT OF FILING OR NOT FILING THE CONSENT FORM.

If you do not file a consent form, you will not receive any money or other relief for FLSA claims in the lawsuit. If you do file a consent form, you will be bound by the judgment of the court on all FLSA issues in this case, win or lose.

  5.  ALTHOUGH THE COURT HAS APPROVED THE SENDING OF THIS NOTICE, THE COURT EXPRESSES NO OPINION ON THE MERITS OF THIS LAWSUIT.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

Dated:_____

C. K. Lee, Esq.
Kraselnik & Lee, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
212-465-1188 (tel)
212-465-1181 (fax)

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by GEORGE & FRANK'S JAPANESE NOODLE REST. INC., IROHA CORPORATION, KOTARO ASAKAWA and TATSUYA KAWAMOTO and/or related entities/ individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case.

_____
Full Legal Name (Print)


_____
Signature


_____
Date


In order to make an FLSA claim in the lawsuit, fill out this form, sign it, and deliver before [3 months after mailing date] via email, fax, mail or overnight mail to:

> C. K. Lee, Esq.
> Kraselnik & Lee, PLLC
> 30 East 39th Street, Second Floor
> New York, NY 10118
> 212-465-1188
> 212-465-1181 (fax)
> Email: cklee@kraselniklee.com

CLIENT INFORMATION

NAME:        _____

ADDRESS:     _____
             _____
             _____
             _____

TELEPHONE:   (W)_____
             (H)_____
             (M)_____

SOCIAL SECURITY NUMBER:   _____

In order to make an FLSA claim in the lawsuit, fill out this form, sign it, and deliver before **[3 months after mailing date]** via email, fax, mail or overnight mail to:

> C. K. Lee, Esq.
> Kraselnik & Lee, PLLC
> 30 East 39th Street, Second Floor
> New York, NY 10118
> 212-465-1188
> 212-465-1181 (fax)
> Email: cklee@kraselniklee.com